UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CARLOS WHITE EAGLE,

Plaintiff,

v.

CITY OF ESCONDIDO, *et. al.*,

Defendants.

Case No.: 24-cv-1083-BJC-SBC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[ECF No. 23]

Defendants City of Escondido, Officer Adrian Garcia, and Officer Jacob Glennie move for summary judgment of the action in its entirety or, in the alternative, for partial judgment. Plaintiff opposes the motion. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

## BACKGROUND

On March 29, 2021, Defendants Garcia and Glennie were dispatched to an apartment building to respond to a 911 emergency call relating to a domestic violence incident involving Ixchel Rodriguez and her boyfriend Josue Quiroz. ECF No. 1 ¶ 19; ECF No. 23-4 ¶¶ 6-7; ECF No. 23-5 ¶ 6. Ms. Rodriguez informed dispatch that Mr. Quiroz suffered

from depression and anxiety, grabbed knives, stated he wanted to kill himself or others, and broke the apartment building's fire alarm. ECF No. 1 ¶ 19; ECF No. 23-4 ¶ 7; ECF No. 23-5 ¶¶ 6-7. Dispatch informed Defendants that Mr. Quiroz left the apartment and was wearing a black hooded sweatshirt and black jeans. ECF No. 23-4 ¶ 9; ECF No. 23-5 ¶¶ 6-7. Plaintiff, who was visiting his daughter at the complex, was approached by Defendants as he was walking outside, wearing a dark hooded sweatshirt and dark jeans. ECF No. 1 ¶ 20; ECF No. 23-4 ¶ 22; ECF No. 23-5 ¶ 7; ECF No. 26 at 2. Defendant Garcia activated his emergency lights on his patrol car, and ordered Plaintiff to sit on the ground. ECF No. 1 ¶ 9; ECF No. 23-4 ¶ 24; ECF No. 23-5 ¶ 7. Plaintiff asked why he was being detained. ECF No. 23-4 ¶ 24; ECF No. 23-5 ¶ 9. Defendant Garcia handcuffed and detained Plaintiff. ECF No. 1 ¶ 24; ECF No. 23-4 ¶ 25; ECF No. 23-5 ¶ 9. After confirming Plaintiff was not the subject of the domestic violence incident, Defendant Garcia arrested Plaintiff for resisting under California Penal Code § 69 and possession of a controlled substance under California Health and Safety Code § 11377(a). ECF No. 23-4 ¶¶ 29, 33, 35; ECF No. 23-5 ¶ 11. The criminal court dismissed the criminal charge for resisting. ECF No. 1 ¶ 34; ECF No. 26 at 3.

Plaintiff filed a complaint against the City of Escondido, the Escondido Police Department, Officer Garcia and Officer Glennie on June 22, 2024, asserting claims for unlawful seizure, excessive force, deliberate fabrication of evidence, malicious prosecution, and municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). ECF No. 1. Defendants filed an answer on September 4, 2024, and filed the instant motion for summary judgment on September 8, 2025. ECF Nos. 4, 23. Plaintiff filed an opposition on October 9, 2025, and Defendants filed a reply on October 14, 2025. ECF Nos. 26, 28.

## LEGAL STANDARD

Summary judgment is properly granted when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of establishing an absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that may affect the "outcome of the suit" under applicable law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. If the movant meets its burden, the burden shifts to the party opposing the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Id*.

When addressing a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court makes no credibility determinations and weighs no evidence. *Anderson*, 477 U.S. at 255; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

## DISCUSSION

Defendants seek summary judgment or, in the alternative, partial summary judgment. They argue there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. Specifically, Defendants argue Escondido Police Department is not a proper party, the Defendant Officers did not violate Plaintiff's Fourth Amendment rights, the Defendant Officers did not fabricate evidence, the malicious prosecution claim fails, the Defendant Officers are entitled to qualified immunity, the claims brought under *Monell* have no merit, and the action is barred by the applicable statute of limitations.

Plaintiff opposes the motion. He argues the action is timely, and there are disputed material facts. In reply, Defendants argue Plaintiff's opposition should be disregarded because it was untimely, and Plaintiff fails to dispute the material facts.

### I. Plaintiff's Untimely Response

Defendants request this Court disregard Plaintiff's untimely opposition and grant the motion for summary judgment as unopposed. *See* ECF No. 28. The Local Rules authorize the Court to construe a failure to timely file a response to a motion as a consent to granting the motion. S.D.Cal. CivLR 7.1.h.3.c. However, a court "may properly exercise this discretion and grant summary judgment only if there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law." *Aragon v. Hollywood Presbyterian Hosp.*, 85 F.3d 634 (9th Cir. 1996).

Plaintiff filed his opposition to the motion ten days late without seeking leave. The opposition contains very little nonconclusory argument and cites to no evidence, with the exception of a reference to Defendants' body worn camera footage submitted by Defendants in support of the motion. However, the Court considers the arguments contained therein, to the extent they assist the Court in determining whether Defendants are entitled summary judgment. As such, Defendants' request to disregard the opposition is DENIED.

**II. Merits of Defendants' Motion**

**A. Statute of Limitations**

Defendants argue Plaintiff's action is barred because it was not brought within the applicable two-year statute of limitations. ECF No. 23 at 29-30. Plaintiff argues the claims are timely because his criminal proceedings tolled the limitations period. ECF No. 26 at 6. He maintains the charges were dismissed on June 6, 2024, less than two years before filing this action. Defendants do not dispute this contention. *Id*.

For actions brought under § 1983, courts apply the forum state's statute of limitations for personal injury and the forum state's tolling laws. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)). Under California law, the limitations period for personal injury is two years. CAL. CIV. PROC. CODE § 335.1. Therefore, a timely § 1983 action is brought within two years of the accrual date. "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink*, 192 at 914.

Here, the events giving rise to Plaintiff's claims occurred on March 29, 2021. He filed his action on June 22, 2024, beyond the two-year period. However, "[i]n California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Plaintiff asserts, and Defendants do not dispute, that the charges were dismissed

less than two years prior to Plaintiff filing the action. Accordingly, Plaintiff's action is not time-barred.

**B. Escondido Police Department**

Defendant argues the Escondido Police Department is not a separate and distinct entity against which a suit may be maintained and, therefore, the Escondido Police Department should be dismissed from this action. ECF No. 23 at A police department is a separate entity that may be sued in federal court. *Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986). Therefore, Defendants request to dismiss the Escondido Police Department is DENIED.[1]

**C. Fourth Amendment Claims**

Defendants argue they are entitled to judgment on Plaintiff's claims against the Defendant Officers because the stop of Plaintiff was supported by reasonable suspicion and was reasonable under the circumstances. ECF No. 23 at 16-18. They contend the officers received information that the domestic violence suspect was wearing a dark hooded sweatshirt and dark jeans, had recently departed the apartment, and had a habit of hiding at stores near the apartment building. *Id*. at 17-18. They maintain Plaintiff was wearing a dark hooded sweatshirt and dark jeans, and he was in the parking lot of the apartment building. *Id*. Additionally, they contend the suspect was reported as a threat to himself and others, and he was potentially armed with a knife. *Id*.

Defendants further argue the use of force was "minimal, measured, and brief, and reasonable under the totality of the circumstances." *Id*. at 19. Defendants contend the officers observed Plaintiff's body language, demeanor, and noncompliance with officers' commands. *Id*. In addition, they maintain Plaintiff pulled, or attempted to pull, his right arm away from Defendant Garcia, resulting in the officers using hands-on force to bring

---

[1] While police departments may be dismissed as duplicative when the claims against the department and the city are premised on the same facts, Defendants set forth no such argument here. *Mann v. City of Chula Vista,* 2020 WL 5759749, at *3 (S.D. Cal. Sept. 28, 2020) (collecting cases dismissing claims as duplicative).

Plaintiff to the ground and handcuff him. *Id*. at 19-20. They further maintain the force was stopped as soon as Plaintiff's resistance ceased. *Id*. at 20. Additionally, they contend Plaintiff knew that he was being detained by uniformed police officers who were on scene in marked patrol cars. *Id*. Defendants further argue the minor nature of Plaintiff's injuries, which consisted of pain under his right eye that healed within eight days, demonstrates the amount of force applied was minimal. *Id*. at 22. Defendants also argue the Officers had probable cause to arrest Plaintiff because his resistance delayed and obstructed their investigation of the domestic violence incident to which they were responding. *Id*.

Plaintiff argues the generalized match of a person wearing a dark hooded sweatshirt does not justify the seizure because dark hooded sweatshirts are common articles of clothing. ECF No. 26 at 3. He further alleges the camera footage demonstrates "an unnecessary takedown and facial injury." *Id*. at 4. He further argues probable cause was lacking because pulling away is not willful resistance, and the unconstitutional seizure cannot justify the later discovery of narcotics. *Id*.

The Fourth Amendment protects against the unreasonable seizure of persons. U.S. Const. amend. IV. "Even if a seizure is reasonable in a particular circumstance, *how* that seizure is carried out must also be reasonable." *Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 619 (9th Cir. 2023) (emphasis in original). The amount of force used in a seizure or arrest must be "objectively reasonable" under the facts and circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). "In assessing the objective reasonableness of a particular use of force, we consider: (1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion." *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (internal quotation marks and citations omitted).

Defendants contend, and Plaintiff does not dispute, that the officers received information that the domestic violence suspect was in the area, could be armed with knives

and was wearing a dark hooded sweatshirt and dark jeans. The parties also agree that Defendant Garcia flashed his lights at Plaintiff and told him to get on the ground, but Plaintiff did not comply. The body worn camera footage, however, does not necessarily discredit Plaintiff's version of events surrounding how the seizure was conducted. Both parties agree, and the footage demonstrates, Plaintiff questioned why he was being detained, an officer grabbed Plaintiff's arm and quickly took Plaintiff to the ground. ECF No. 27. It is difficult to discern what occurred after Plaintiff was immediately on the ground. However, there appears to have been a struggle, an officer yelled at Plaintiff to stop reaching and kicking, and Plaintiff repeatedly yelled that he was not doing anything. *Id*. While the officers were holding Plaintiff down, one officer places him in handcuffs. *Id*.

A jury, who will properly make credibility determinations and draw reasonable inferences from the facts, is better suited to weigh the gravity of the intrusion on Plaintiff's right to be free of unreasonable search and seizure against the government's need for the intrusion, in light of the surrounding circumstances. *See Torres v. City of Madera*, 648 F.3d 1119, 1125 (9th Cir. 2011) ("Because the reasonableness standard nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly."). Accordingly, Defendants' motion is DENIED as to the Fourth Amendment claims against the Defendant Officers based on the reasonableness of the seizure.

**D. Fourteenth Amendment Claim for Fabrication of Evidence**

Defendants argue the Defendant Officers did not fabricate evidence in their reports. ECF No. 23 at 26. They maintain Plaintiff asserts they fabricated evidence by accusing him of resisting and committing Vehicle Code violations, then submitting the allegedly fabricated reports to the Riverside County District Attorney's Office. *Id*. Defendants contend the evidence demonstrates Plaintiff resisted when they attempted to detain him. *Id*. Additionally, they contend neither report mentions any Vehicle Code violations, and

the reports were not sent to the Riverside County District Attorney's Office. *Id*. Plaintiff argues that the officers misstated his actions and injuries in the reports, and they mischaracterized the substance found when they searched him. ECF No. 26 at 5.

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official." *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Id*. at 798.

As discussed above, there is a genuine issue as to whether Plaintiff resisted. Accordingly, there is a dispute as to whether Defendants' statements in the reports that Plaintiff resisted amount to fabrication of evidence. However, Plaintiff does not dispute that the reports contain no information regarding the Vehicle Code or the Riverside County District Attorney's Office. Therefore, to the extent Plaintiff's Fourteenth Amendment claim relies on statements regarding the Vehicle Code or the Riverside County District Attorney's Office, it is subject to dismissal. The motion is otherwise DENIED as to the claim for fabrication of evidence.

**E. Fourteenth Amendment Claim for Malicious Prosecution Claims**

Defendants argue Plaintiff's arrest was supported by probable cause, regardless of whether or not he was ultimately convicted, and that there is no basis for Plaintiff to claim that evidence was fabricated with malice. ECF No. 23 at 27. Plaintiff argues that he asserts in the complaint that the officers misstated his actions and injuries in the reports, and they mischaracterized the substance found on his person. *Id*. at 5.

To prevail on a claim for malicious prosecution under § 1983, "a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)).

As discussed above, a genuine issue of material fact exists as to whether there was probable cause to support the arrest for resisting. However, Plaintiff's conclusory argument that a jury could find deliberate fabrication is insufficient to demonstrate a dispute as to whether Defendants acted with malice. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citing *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir.1995)). Accordingly, the motion is GRANTED as to the malicious prosecution claim.

**F. Qualified Immunity**

Defendants argue the Defendant Officers are entitled to qualified immunity because they did not violate any of Plaintiff's rights, or clearly established law. ECF No. 23 at 28. Plaintiff argues it was clearly established that seizing and tackling an unarmed, non-threatening individual violates the Fourth Amendment. ECF No. 26 at 5.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When evaluating whether an officer is entitled to qualified immunity, a court must determine (1) whether the plaintiff has alleged the deprivation of a constitutional right; and, if so, (2) whether that right was clearly established. *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S. Ct. 1292, 1295, 143 L. Ed. 2d 399 (1999). A right is clearly established if "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff alleges while looking for the suspect involved in the domestic violence incident, Defendant Garcia flashed his lights at him and told him to get on the ground, he tried to explain he was visiting his daughter but left the building because of the fire alarm. ECF No. 1 ¶¶ 21-22. He alleges Defendant Officers forced him to the ground and placed him in handcuffs. *Id.* ¶ 24. Plaintiff sufficiently alleges Defendants violated his Fourth Amendment rights by using unreasonable force when detaining him.

In support of his contention that the right was clearly established, Plaintiff points to *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). In *Blankenhorn*, three officers "gang-tackled" an individual suspected of having committed a misdemeanor trespass after he pulled his arm away from an officer and refused to kneel down to be handcuffed. 485 F.3d at 478. The court reasoned it is clearly established that "force is only justified when there is a need for force." *Id*. at 477.

Here, it is undisputed that Defendant Garcia flashed his lights at Plaintiff and ordered him to the ground, but Plaintiff did not comply. The body warn camera footage shows the interaction but does not resolve all factual disputes surrounding the officer's seizure of Plaintiff, including the amount of force used and whether Plaintiff was resisting. Viewing the disputed facts in the light most favorable to Plaintiff, the two officers immediately forced Plaintiff to the ground as he was trying to explain who he was and why he was there, and they continued to use force while he was on the ground even though he was not resisting. *See Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (When addressing qualified immunity on summary judgment, the court considers the plaintiff's version of the facts.). The Court finds a reasonable officer would realize using force against an individual who is calm and not resisting would violate that person's rights. Accordingly, the right was clearly established, and the Defendant Officers are not entitled to qualified immunity.

**G. *Monell* Claim**

Defendant argues the *Monell* claim fails because the officers did not violate Plaintiff's constitutional rights. ECF No. 23 at 29. They further argue Plaintiff provides no admissible evidence to support the *Monell* causes of action. *Id*. In opposition, Plaintiff argues liability exists under *Monell* for failure to train or supervise when the failure results in deliberate indifference. ECF No. 26 at 5. He further argues that repeated misidentification detentions and the lack of deescalation training raise triable issues. *Id*.

A municipality cannot be held vicariously liable for the acts of its employees under § 1983, but may be held liable for a civil rights violation caused by a policy, custom or practice. *Monell*, 436 U.S. at 691. To prevail on a *Monell* claim, a plaintiff must

demonstrate: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)); *see also Monell*, 436 U.S. at 690-91. A policy amounts to "deliberate indifference" when the need for more or different action "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 389.

Generally, a *Monell* claim based upon failure to train or supervise requires "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Plaintiff's conclusory statement of repeated misidentification detentions and lack of deescalation training is insufficient to demonstrate a dispute of fact. As such, Defendants are entitled to judgment as to the *Monell* claims.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion for summary judgment. The motion is GRANTED as to the Fourteenth Amendment claim for fabrication of evidence to the extent it is based upon statements regarding the Vehicle Code and the Riverside County District Attorney's Office, the Fourteenth Amendment claim for malicious prosecution, and the *Monell* claims. The motion is otherwise DENIED.

**IT IS SO ORDERED**.

Dated: August 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge